UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| SHARON BATISTE and LAWRENCE BATISTE, | )<br>)<br>) |
| Plaintiffs, | )<br>) Case No. 2:13-cv-390 JD |
| v. | )<br>) |
| ALICIA MACKLIN, *et al.*, | )<br>) |
| Defendants. | ) |

## **OPINION AND ORDER**

Now before the Court is the Plaintiffs' motion to amend the Court's order dismissing this matter without prejudice. The Plaintiffs filed this suit in Indiana against Wisconsin residents based on events that occurred in Illinois. [DE 1]. The Defendants moved to dismiss the complaint for lack of subject matter jurisdiction and personal jurisdiction. [DE 1]. In the Plaintiffs' response to the motion to dismiss, they "acknowledge[d] that this matter is not before the proper court," and requested that this action be dismissed without prejudice so that it can be re-filed in the appropriate jurisdiction. [DE 17]. Based on the parties' agreement that this matter should be dismissed, the Court granted the motion on February 4, 2014 and dismissed the complaint without prejudice. [DE 18].

In their current motion, the Plaintiffs "request this Court amend its Order of February 4, 2014 to include that Plaintiffs have up to one (1) year from the date of the Order to re-file their Complaint in the appropriate jurisdiction." [DE 20]. However, they do not cite any authority for the Court to enter such an order. Over six months have passed since this matter was dismissed, so any relief from the dismissal would have to be based on Rule 60(b) of the Federal Rules of Civil Procedure, but the Plaintiffs do not indicate which of those elements apply, or how. In

addition, as the Defendants argued in their initial motion to dismiss, the Plaintiffs' complaint did not properly allege either diversity of the parties or the amount in controversy, such as to give this Court subject matter jurisdiction over this case, so the Court cannot award the sort of affirmative relief the Plaintiffs are now seeking. Finally, to the extent the Plaintiffs are asking the Court to rule prospectively on whether the statute of limitations will bar their suit once it is re-filed in another jurisdiction, that question is best left to the courts in that other jurisdiction to resolve.

Therefore, the Plaintiffs' motion to amend [DE 20] is DENIED.

SO ORDERED.

ENTERED: September 17, 2014

/s/ JON E. DEGUILIO
Judge
United States District Court